**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GEICO as Subrogee of Nomi Fuchs | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07cv420 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| Andrew Mawn, II, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO SUBSTITUTE AND TO DISMISS

The United States hereby moves, through undersigned counsel, for an order substituting it in place of defendant Andrew Mawn, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, 28 U.S.C. § 2679. The United States further moves for an order dismissing the claims asserted against defendant Mawn on the ground that the Court lacks jurisdiction over these claims, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In support of this motion, Defendant respectfully submits the attached memorandum of points and authorities, exhibits and a proposed order.

Pursuant to Local Civil Rule 7(m), undersigned counsel attempted to contact plaintiff's counsel to obtain his position on defendant's request for substitution but plaintiff's counsel has not responded.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GEICO as Subrogee of Nomi Fuchs | ) |
| | ) |
| Plaintiff, | )     Civil Action No. 07cv420 (RJL) |
| | ) |
| v. | ) |
| | ) |
| Andrew Mawn, II, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO SUBSTITUTE AND TO DISMISS**

**I. INTRODUCTION**

When a common law tort claim is brought against an individual who, at the time of the

alleged tort, was a federal employee acting within the scope of his or her employment, the United

States is to be substituted as a defendant in place of the individual defendant.  Upon such

substitution, what had been a private tort claim becomes one governed by the Federal Tort

Claims Act ("FTCA").  Under that statute, a plaintiff who has not exhausted his or her

administrative remedies may not maintain an action in district court.

In this case, plaintiff alleges that a federal employee negligently operated an automobile,

causing property damage to an automobile that plaintiff insures.  An authorized Justice

Department official has certified that the individual defendant was acting within the scope of his

employment when he allegedly caused the automobile accident that is the subject matter of this

lawsuit.  Accordingly, the United States should be substituted in his place as a defendant to the

full extent of the certification.  Once substitution is effective, the claims against the United States

must be dismissed because plaintiff did not exhaust administrative remedies before bringing this

action.  That failure to exhaust deprives this Court of subject matter jurisdiction over plaintiff's complaint.

## II.  <u>BACKGROUND</u>

Andrew Mawn is in an employee of the US Army, working for the US Army Research, Development and Engineering Command ("RDECOM") in Natick, Massachusetts.  In February 2004, the Army assigned Mr. Mawn to temporary duty ("TDY") to participate in the 2004 Special Operations and Low Intensity Conflict Conference ("the conference") in Washington, D.C.  The purpose of the TDY was to represent RDECOM at the conference by presenting a display booth and participating in meetings.  The conference was held at the Marriott Wardman Park Hotel, located on Woodley Road in northwest Washington, D.C.   While on TDY, the Army provided lodging for Mr. Mawn at a hotel in Alexandria, Virginia and provided a rental car for him for transportation.

On the morning of February 6, 2004, Mr. Mawn left his hotel in Alexandria and drove his rental car toward the Marriott to attend the conference.  On the way to the conference, Mr. Mawn and Ms. Naomi Fuchs were involved in a traffic accident at the intersection of Connecticut Avenue and Woodley Road, within the District of Columbia.  Plaintiff alleges that Mawn was operating his rental vehicle negligently and collided with the vehicle owned by Ms. Fuchs, causing property damages of $10,892.28.  <u>See</u> Complaint.  Plaintiff further alleges that Ms. Fuchs was insured by Plaintiff and that Plaintiff paid the property damage.  <u>Id</u>.

Rudolph Contreras, Civil Division Chief, for the United States Attorney's Office for the District of Columbia, pursuant to his delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that defendant Mawn was acting within the scope of his office or employment at the

time of the alleged incidents.  See Exhibit A, Certification.

The responsible authority for the U.S. Army Claims Service, Fort Meade, Maryland,

conducted a thorough search of the pertinent Army records and determined that plaintiff has not

filed an administrative claim in this matter.  See Exhibit B, Declaration of Carolyn Holley.

### III.  LEGAL STANDARDS

On a motion to dismiss pursuant to Rule 12(b)(1), the Plaintiff bears the burden of

persuasion to establish subject-matter jurisdiction by a preponderance of the evidence.  McNutt

v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).  A motion to dismiss

under Rule 12(b)(1) of the Federal Rules of Civil Procedure may raise either a "facial" or a

"factual" challenge to the non-moving party's claim of subject matter jurisdiction.  See I.T

Consultants v. Pakistan, 351 F.3d 1184, 1188 (D.C. Cir. 2003).  In a "facial" challenge to the

legal sufficiency of the plaintiff's jurisdictional allegations, the court must accept as true the

allegations in the complaint and consider the factual allegations of the complaint in the light most

favorable to the non-moving party.  Id.  On a factual challenge "the plaintiff's jurisdictional

averments are entitled to no presumptive weight; the court must address the merits of the

jurisdictional claim by resolving the factual disputes between the parties." Erby v. United States,

424 F. Supp. 2d 180, 183 (D.D.C. 2006).

### IV.  ARGUMENT

#### A.     The Court Should Grant the Request of the United States for Substitution

The Westfall Act governs cases in which common law tort claims are asserted against

defendants who were federal employees acting within the scope of their employment when the

allegedly tortious action occurred.  Under that statute,

3

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of [the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680], and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).[1]  Such a certification "constitute[s] *prima facie* evidence that the employee was acting with the scope of his employment." Council of American Islamic Relations v. Ballenger, 444 F.3d 659, 662 (D.C. Cir. 2006).  "'[A] plaintiff challenging the government's scope-of-employment certification bears the burden of coming forward with specific facts rebutting the certification.' Stokes v. Cross, 327 F.3d 1210, 1214 (D.C. Cir. 2003)(internal quotation marks and citation omitted)." Id.

Rudolph Contreras, Civil Division Chief, for the United States Attorney's Office for the District of Columbia, pursuant to his delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that defendant Mawn was acting within the scope of his office or employment at the time of the alleged incidents. See Exhibit A.  Therefore, absent a showing by plaintiff sufficient to rebut the conclusion articulated in the certification, the United States' request for substitution should be granted, and this case should proceed against the United States pursuant to the FTCA.

## B.    Plaintiff Has Not Exhausted Administrative Remedies; Accordingly, this Court Lacks Subject Matter Jurisdiction

The FTCA is a limited waiver of the federal government's sovereign immunity. United States v. Orleans, 425 U.S. 807, 813 (1975); Loughlin v. United States, 393 F.3d 155, 158 (D.C. Cir. 2004).  A plaintiff suing under the FTCA may not maintain a civil action unless he or she

---

[1] The Attorney General's authority to issue such a certification has been delegated to the United States Attorney for the district where the civil action has been brought.  28 C.F.R. § 15.4.

4

has exhausted the administrative remedies prescribed in the statute, which require the

presentation of his or her claims to the appropriate federal agency to give the agency an

opportunity to address the claim before filing suit.  McNeil v. United States, 508 U.S. 106, 113

(1993); 28 U.S.C. § 2675.  A court lacks jurisdiction to hear an FTCA claim for which the

plaintiff has not fulfilled the exhaustion requirement.  GAF Corp. V. United States, 818 F.2d

901, 904 (D.C. Cir. 1987).  This Court recently reiterated and explained this requirement, stating:

> filing an administrative claim "is a mandatory jurisdictional prerequisite to a suit
> against the United States" under the FTCA. Jackson v. United States, 730 F.2d
> 808, 809 (D.C. Cir. 1984) (citing 28 U.S.C. § 2675; see also Avocados Plus Inc.
> v. Veneman, 361 U.S. App. D.C. 519, 370 F.3d 1243, 1247 (D.C. Cir. 2004)
> (distinguishing the concepts of jurisdictional and non-jurisdictional exhaustion).

Healy v. United States, 435 F. Supp. 2d 157, 161 (D.D.C. 2006).  Further, the exhaustion

requirement applies no less to cases instituted under the Westfall Act to cases brought initially

under the FTCA.  See Mittleman v. United States, 104 F.3d 410 (D.C. Cir. 1997).

When a district court's subject matter jurisdiction is challenged, the plaintiff bears the

burden of establishing the facts necessary to find that there is jurisdiction in the court hearing the

case.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  A court may consider

"facial" challenges to jurisdiction, in which the question is whether a plaintiff has adequately

pled a basis for finding jurisdiction.  See I.T. Consultants, 351 F.3d at 1188 (discussing facial

challenges in context of Fed. R. Civ. P. 12(b)(1).  The Complaint in this case does not allege

exhaustion.

Additionally, the responsible authority for the U.S. Army Claims Service, Fort Meade,

Maryland, conducted a thorough search of the pertinent Army records and determined that

plaintiff has not filed an administrative claim in this matter.  See Exhibit B.  Hence, plaintiff's

complaint also fails a "factual" challenge notwithstanding Plaintiff's failure to plead exhaustion.[2]

Because exhaustion is a jurisdictional requirement in this case, and because that requirement has not ben met, the claims made in this case must be dismissed.

## V. <u>CONCLUSION</u>

For the reasons set forth above, the Court should order the United States be substituted as a defendant in place of defendant Andrew Mawn as to all claims and should dismiss plaintiff's complaint on the ground that this Court lacks subject matter jurisdiction over those claims.

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

---

[2] Because the FTCA contains a two-year statute of limitations, it appears that any administrative claimed filed now would be untimely. <u>See</u> 28 U.S.C. § 2401(b), <u>Healy</u>, 435 F. Supp. 2d at 161.

6

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **GEICO as Subrogee of Nomi Fuchs** | ) |
| **One GEICO Plaza** | ) |
| **Washington, DC 20076** | ) |
|  | ) |
| **Plaintiff,** | ) **Civil Action No.** |
|  | ) |
| **v.** | ) |
|  | ) |
| **Andrew Mawn, II,** | ) |
| **6 Holbrook Street** | ) |
| **Medway, MA 02053** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for

the District of Columbia, pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the

authority delegated to the United States Attorney by 28 C.F.R. § 15.4, hereby certify that I have

read the complaint in <u>GEICO v. Mawn</u>, Civil Action No.0000707-07. On the basis of the

information now available to me with respect to the incidents alleged therein, I find that

defendant Andrew Mawn was acting within the scope of his employment as an employee of the

United States at the time of the alleged incidents.

March 1, 2007

RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney
Chief, Civil Division

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION
Civil Actions Branch

| | | |
|---|---|---|
| GEICO as Subrogee of Nomi Fuchs | ) | |
| One GEICO Plaza | ) | |
| Washington DC  20076 | ) | |
| | ) | CASE# |
| Plaintiff, | ) | 0000707-07 |
| | ) | |
| v. | ) | |
| | ) | |
| Andrew J. Mawn II | ) | |
| 6 Holbrook Street | ) | |
| Medway MA  02053 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION

I, Carolyn Holley, declare as follows:

1. The undersigned is presently and has been at all times since March 29, 1998,  Legal Assistant of Operations and Records for Tort Claims Division, U.S. Army Claims Service, Fort Meade, Maryland.  In this capacity I receive all claims against the Army, in all amounts.  This includes claims under the Federal Tort Claims Act, 28 U.S.C. 2671-2680, and other related tort claims statutes arising from the acts or omission of members or employees of the active Army, Army National Guard and Department of Defense.

2. A thorough search of all records and files available to this Service since 1988 has found no administrative claim filed by GEICO as Subrogee of Nomi Fuchs under the above-mentioned statutes.

1

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and

correct.

*Carolyn Y Holley*

Carolyn Holley
Legal Assistant , Tort Claims Division
U.S. Army Claims Service
Office of The Judge Advocate General
4411 Llewellyn Avenue
Fort Meade, MD 20755-5360
(301) 677-7009, Ext. 214

Executed this the 1st day of March 2007, at Fort Meade, Maryland

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GEICO as Subrogee of Nomi Fuchs | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07cv420 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| Andrew Mawn, II, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Upon consideration of Defendant's Motion to Substitute and to Dismiss and the opposition thereto, and the Court having considered the entire record herein, it is,

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that the United States is substituted as a defendant in place of defendant Andrew Mawn, and that each and every claim asserted in plaintiff's Complaint against Andrew Mawn is deemed a claim against the United States pursuant to 28 U.S.C. §2679(d)(1), and it further

ORDERED that plaintiff's Complaint is dismissed for lack of subject matter jurisdiction .

Dated this _____ day of _____, 20____.


_____
Richard J. Leon
United States District Judge

Copies to:
Parties via ECF